# UNITED STATES DISTRICT COURT
## District of Minnesota

Isaiah Coffey,  **JUDGMENT IN A CIVIL CASE**

    Plaintiff,

v.  Case Number: 20-cv-2237 NEB/TNL

Lon Thiele,

    Defendant.

☐ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

the Joint Motion for Final Approval of Proposed Class Action Settlement (ECF No. 51) is GRANTED as follows:

1. The Court confirms that it has subject matter jurisdiction over this Action and personal jurisdiction over the Parties to it.

2. The Court confirms that the Settlement Agreement is the product of good-faith, arm's-length negotiations by the Class Representative and Class Counsel, and the County and its counsel, and that the Parties were represented by capable and experienced counsel.

3. For the reasons stated in the Preliminary Approval Order, the Court confirms its certification of the following Class, for settlement purposes only, under Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> Former Steele County Detention Center inmates who owe outstanding confinement fees and/or from whom the County withheld jail account funds or otherwise collected payment from the individual or revenue recapture who were invoiced September 18, 2014–July 13, 2021.

4. The Court recognizes that at least 853 individuals meet this definition ("Class Members").

5. When the Court preliminarily approved the class action settlement, it approved the form and manner of sending the settlement notices to Class Members and publication of the notice. The Court finds that the settlement notice, and its distribution, satisfied the requirements of Rule 23(e) and the due process requirements of the U.S. Constitution, that it was the best practicable notice under the circumstances, and that it constitutes due and sufficient notice to all persons entitled to notice of the settlement.

6. The Court finds that Class Members were afforded a full and fair opportunity to participate in the proceedings to determine whether the settlement should be given final approval. No Class Member objected to the settlement. Any objections from Class Members to the terms of the Settlement Agreement are forever barred.

7. Six Class Members timely requested exclusion and thus are excluded from the Settlement. Class Members who did not timely request exclusion are bound under the Settlement Agreement.

8. The Court affirms its findings from the Preliminary Approval Order that the settlement reached is fair, reasonable, and adequate under Rule 23(e).

9. Under the Settlement Agreement, Class Members who did not submit a request for a waiver of confinement fees by March 1, 2022, are technically ineligible for a waiver. If a Class Member seeks a waiver after March 1, 2022, the County will consider an untimely submission of the waiver request.

10. The Court confirms its appointments of Isaiah Coffey as Class Representative and the LAMP Clinic as Class Counsel.

11. The Court finds that the Class Representative and Class Counsel have fully and fairly represented the Class to implement the Settlement Agreement. Fed. R. Civ. P. 23(a)(4).

12. The Parties agreed to provide an incentive award of $500 to Isaiah Coffey as Class Representative. (Settlement Agreement ¶ 24.) The Court finds that $500 adequately represents Coffey's service as Class Representative and thus APPROVES this award. *See In re CenturyLink Sales Pracs. & Sec. Litig.*, No. 17-CV-2832, 2020 WL 7133805, at *13 (D. Minn. Dec. 4, 2020) (noting that courts in this district routinely approve incentive awards for class representatives).

13. The Parties also agreed that Class Counsel would receive $27,500 for attorneys' fees and costs. (Settlement Agreement ¶ 24.) Despite the joint nature of the request, the Court has the "responsibility of providing a concise but clear explanation of its reasons for the fee award." *Rawa v. Monsanto Co.*, 934 F.3d 862, 870 (8th Cir. 2019) (citation omitted). The Court "has discretion to use either a lodestar or percentage-of-the-fund method[4] in determining an appropriate recovery," and evaluates the reasonableness of the award "by considering relevant factors from the twelve factors listed in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 719–20 (5th Cir. 1974). "[5]

*Id.* (quotation marks and citation omitted). At the Final Approval Hearing, Class Counsel explained that the Parties agreed upon $27,500 in settlement negotiations, but that the LAMP Clinic would apportion $500 per hour for the supervising attorney and $100 per hour for each law student who worked on the matter. Class Counsel also noted that their time working on this Action far exceeded the negotiated award of $27,500. The Court has evaluated the reasonableness of this award based on the relevant factors and finds that the award tracks the time and efforts of Class Counsel to achieve a fair and adequate recovery for Class Members. Class Counsel obtained "injunctive relief in the form of policy changes and retroactive determination," (Settlement Agreement ¶ 28), as well as refunds for several Class Members who likely would not have found representation to pursue individual claims. For these reasons, the Court finds the award of $27,500 to Class Counsel for attorneys' fees and costs to be reasonable and APPROVES the award.

14. The release language in the Settlement Agreement is incorporated in all respects and is effective from the date of this Order.

Date: 4/19/2022                                                                    KATE M. FOGARTY, CLERK